UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MYAPPS CORP.,                                          Case No. 6:22-cv-00364-WWB-EJK

    Plaintiff,
v.
TELECURE TECHNOLOGIES, INC.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
ACTION FILED BY PLAINTIFF, MYAPPS CORP.**

Plaintiff, MyApps Corp. ("MyApps"), by and through its undersigned and authorized counsel, seeks the immediate dismissal of this action with prejudice.

MyApps asserts it has the legal right, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, to merely give notice of the voluntary dismissal of this civil action, given there has been no answer, summary judgment or counterclaim filed.

In addition to and notwithstanding its right to dismiss, MyApps moves this Court for entry of a voluntary dismissal with prejudice of all claims filed by MyApps against Defendant, Telecure Technologies, Inc. ("Telecure") under Rule 41(a)(2).

**MEMORANDUM OF LAW**

1.    On its face, this is an action purportedly by MyApps (without corporate authority) against Telecure, alleging there were a series of events occurring during a

corporate merger that supposedly caused harm to three former shareholders/ directors of MyApps. However, the *former* principals have no control over MyApps, nor any standing to commence and prosecute any lawsuit on behalf of MyApps. The party with standing – MyApps, through its current Board of Directors – directs that this action be dismissed, by notice and/or motion.

2.     As alleged in the Verified Motion for Temporary Injunction [ECF 1-3, at page 1, ¶3], signed under penalty of perjury by Dr. Muhammad Shaukut, the previous owners and directors of MyApps were Adnan Malik ("Malik"), Muhammad Kashif Akram ("Akram") and Dr. Muhammad Shaukut ("Shaukut") (the "Former Shareholders"). The Former Shareholders controlled the MyApps Board before the merger, ***but did not control or even sit on the MyApps Board at the time this lawsuit was filed, or at anytime thereafter***.

3.     At present, Telecure owns 100% of MyApps [Id. ¶2], and therefore, has the sole legal right to control the MyApps' Board. The Telecure Board exercised its legal rights to appoint the directors of MyApps, and appointed Josh Rosenberg and Eli Dusenbery as the directors. (See Ex. 1)  Thereafter, the MyApp's Board retained the undersigned counsel, and directed MyApps' authorized counsel to immediately dismiss this civil. (See Ex. 2) Despite MyApps filing an amended annual report via SunBiz reflecting its new officers and directors (See Ex. 3), the Former Shareholders

immediately filed another amendment, purporting to reinstate themselves (See Ex. 4), contrary to the wishes and directions of MyApps' sole shareholder.

4. It is beyond debate that only MyApps' Board of Directors has the authority to take direct action on behalf of MyApps. Moreover, as explained below, only a current shareholder of MyApps would have standing to bring any derivative claims, see § 607.0741(1), Fla. Stat. (2021). None of the Former Shareholders were shareholders of MyApps at the time this action was commenced.

5. MyApps asserts it has the right to file a notice of voluntary dismissal under Rule 41(a), without Court order, because there has been no answer or motion for summary judgment filed by any party, nor any counterclaim.

6. The unauthorized Complaint asserts that the Board of MyApps should include the individual Former Shareholders. However, MyApps does not choose to pursue such a claim. The Former Shareholders cannot pursue their individual agenda by hijacking MyApps' corporate structure (see Ex. 4) and identity.

7. In the alternative to a notice of dismissal, MyApps, as Plaintiff, requests this Court dismiss this action with prejudice because only MyApps's Board has legal authority to act for it. There cannot be two separate groups claiming to control MyApps. As alleged in the complaint and confirmed by the Verified Motion, there is no doubt Telecure owns 100% of MyApps. Telecure has elected the properly-

constituted Board of MyApps. The Board alone controls any litigation filed on behalf of MyApps.

8. The Former Shareholders have brought individual claims against Telecure in court in British Columbia, Canada, where Telecure is headquartered and publicly listed. But, in this Florida case, the Former Shareholders cannot bring a direct claim on behalf of MyApps because they are not shareholders of MyApps; are not on the Board of Directors of MyApps; and do not have any right to control MyApps.

9. Moreover, the Former Shareholders cannot bring any derivative claims on behalf of MyApps because they were not shareholders when this action was commenced, and are not shareholders now. Again, as verified in paragraph 2 of the motion for injunction, Telecure owns 100% of the stock of MyApps.

10. Florida law does not permit any derivative claim to be brought on behalf of a corporation, such as MyApps, unless the plaintiffs had an ownership interest at the time the lawsuit was filed. Here, the Former Shareholders did not have an ownership interest, and thus, they have no direct or derivative basis to bring claims on behalf of MyApps. *See*, *Crow v. Context Industries, Inc.*, 260 So.2d 865, 866-68 (Fla. 3rd DCA 1972) (stockholders of parent corporation, which was the sole shareholder of subsidiary, did not have standing to sue parent corporation and its officers or

directors); *Ismail v. Arthritis Relief Plus, Ltd.*, Case No. 05-21506-CIV-JORDAN, 2006 WL 8432000 (S.D. Fla. Aug. 21, 2006)(same, *citing Crow*).

11. Both cases are directly on point, and the facts as explained in *Ismail* are very similar to this case. In *Ismail*, the plaintiff was merely a shareholder of the parent corporation and, as in this case, was not a shareholder of the plaintiff corporation:

> As a non-shareholder, Mr. Ismail cannot individually bring any claims on HI's behalf (e.g., tortuous interference with a contract to which HI was a party, breach of a contract to which HI was a party). This is because any claims for harm done to HI (whether derivative or not) at best can only be brought by a shareholder of HI. A person or entity which is not a shareholder in a company cannot sue (even derivatively) on the company's behalf or for harm done to the company.

*Id.* at *3.

12. In addition, MyApps has reviewed, agrees with, and joins in the Motion to Dismiss [ECF 8] filed by Telecure. The Telecure Motion explains in detail why any claim by the Former Shareholders concerning the composition of the MyApps Board ultimately would have no merit. But at a threshold level, this is not the proper legal mechanism for these Former Shareholders to express their personal grievances. Instead, this is an action MyApps' Board and its sole shareholder do not wish MyApps to pursue, and therefore, this civil action should be dismissed with prejudice.

## CONCLUSION

MyApps, a Florida corporation, can only act in Court through legal counsel whose retention and actions are authorized by its Board of Directors. The Former Shareholders who have retained other counsel and purport to act for MyApps lack direct or derivative standing to maintain the claims as filed in this case.

WHEREFORE, MyApps hereby seeks the voluntarily dismissal of this action with prejudice, either by Notice or Motion.

>Respectfully submitted.
>*s/ Alan B. Rose*
>Alan B. Rose
>Florida Bar No. 961825

## Local Rule 3.01(g) Certification

MyApps certifies it has conferred by telephone with the opposing party, Telecure (William Spivey, Esq. of the Greenberg law firm), and has conferred by telephone with the purported/unauthorized counsel for MyApps (Ronald Edwards, Esq. of the Lowndes Drosdick et al. law firm), and states that (i) Telecure is in agreement, and (ii) the purported/unauthorized counsel for MyApps opposes the relief sought.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

        MRACHEK, FITZGERALD, ROSE,
        KONOPKA, THOMAS & WEISS, P.A.
        505 South Flagler Drive, Suite 600
        West Palm Beach, FL 33401
        (561) 655-2250 Telephone
        (561) 655-5537 Facsimile
        Alan B. Rose (Florida Bar No. 961825)
        email: arose@mrachek-law.com
        email: mchandler@mrachek-law.com

        By:    s/ Alan B. Rose
                Alan B. Rose
                *Counsel for MyApps Corp.*

## **SERVICE LIST**
6:22-cv-00364-WWB-EJK

Ronald D. Edwards, Jr., Esquire
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Orlando, Florida 32802
Email: ronald.edwards@lowndes-law.com
lit.control@lowndes-law.com
tracy.kennison@lowndes-law.com
*Counsel for Plaintiff (Served without conceding authority)*

I. William Spivey, II, Esquire
Colin S. Baker, Esquire
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: spiveyw@gtlaw.com
kellerc@gtlaw.com
bakerco@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel for Defendant, Telecure Technologies, Inc.*

Raymond D. Jackson, Esquire
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Email: jacksonra@gtlaw.com
Co-*Counsel for Defendant, Telecure Technologies, Inc.*